No. 1993.—RICHARD JOHNSON *v.* JOHN H. GENNISON—E. M. IVENS,
Appellant.

A judgment ordering the sheriff and seizing creditor to return to the purchaser the price of the
adjudication of property sold at sheriff's sale is equivalent to a judgment formally annul-
ling the adjudication. Therefore, when such a judgment has been rendered, and not
appealed from, the surety on the appeal bond is estopped from setting up on a rule to
show cause why he should not pay the judgment, that the first adjudication is still in force,
because it has not been legally annulled.

APPEAL from Sixth District Court, parish of Orleans. *Duplantier*, J.
*A. Cazabat* and *J. E. Wallace*, for plaintiff and appellee. *Lacey
& Butler*, for defendant and appellant.

LUDELING, C. J. The plaintiff, having obtained a judgment against
Gennison, the latter appealed, and gave a bond for a suspensive appeal,
with E. M. Ivens as his surety.

The Supreme Court affirmed the judgment of the district court.

On the thirtieth of June, 1866, property of the defendant was sold,
under execution issued in the above entitled cause, for enough to sat-
isfy the judgment. On the twenty-third of July, Mrs. Emanuel, the
purchaser, instituted proceedings against Johnson, the judgment cred-
itor, Gennison, the debtor, and the sheriff, to compel the sheriff to
return the purchase price, on the ground that the property described
in the advertisement and act of sale did not belong to defendant.

There appears to have been a misdescription of the property seized.
There was judgment in favor of Mrs. Emanuel, and the money was
refunded to her. No appeal has been taken from that judgment. It
is contended now that the defendant, Gennison, was not notified, and
was not a party to that suit.

The sheriff's return shows that " a copy of the within rule was
served on John H. Gennison, at his domicile, No. 64 Villere street, by
leaving the same in the hands of Miss Francis Gennison, a free person,
apparently over the age of fourteen years, living and residing at the
said domicile, and whose name and other facts I learned by interro-
gating her, the said John H. Gennison being absent from home at the
time of said service."

On the tenth of April, 1867, an alias writ of *fieri facias* was issued
upon the judgment rendered in favor of Johnson against Gennison—
property was seized and sold. There being no other property of the
defendant to seize, the writ was returned unsatisfied. On the fifth of
August, 1867, the plaintiff took a rule upon Edmund M. Ivens, the
surety on the defendant's appeal bond, to show cause why he should
not be condemned to pay the balance of the judgment, after deducting
the net proceeds of the sale made under the alias writ.

The reasons assigned by the surety why judgment should not be
rendered against him are, that the proceeds of the first sale were suffi-
cient to satisfy the debt against Gennison, and that the adjudication to

Mrs. Emanuel was not absolutely void, nor has it been legally annulled.

There was judgment ordering the sheriff and judgment creditor to refund the price of the adjudication to Mrs. Emanuel, as already stated, and that judgment is now *res judicata*.

The court *a qua* rendered judgment against the surety, and we have discovered no error in it.

It is therefore ordered that the judgment of the lower court be affirmed, with costs of appeal.

Rehearing refused.